IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

WILLIAM SCOTT HOWARD,

    Plaintiff,

v.                                            No. 1:24-cv-1120-JDB-jay

PUBLISHERS CLEARING HOUSE
NEW YORK SWEEPSTAKES.

    Defendant.

---

REPORT AND RECOMMENDATION

---

On June 6, 2024, Plaintiff William Scott Howard, proceeding pro se, filed a lawsuit against Publishers Clearing House New York Sweepstakes. (Docket Entry ["D.E."] 1.) Plaintiff sought and received in forma pauperis status. (D.E. 6.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the reasons set forth below, it is recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

### I.    PROPOSED FINDINGS OF FACT

Plaintiff filed this lawsuit on a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. In the "Statement of Claim" portion of the form complaint, Plaintiff writes:

> [H]arassing me on my phone and lying about a winnings stoled almost 2,000.00$ for my winnings and I haven't received my winning. And the FSP and law enforcement agencies that I have lawsuits against is involved in stopping me winnings and contuning [sic] to harres [sic] me and sulvance [sic] me, hacking my phone, using the public to do sulvance [sic].

(D.E. 1, p. 2, § IV, PageID 2.) Plaintiff seeks damages. (*Id*. at p. 3, PageID 3.)

## II.     PROPOSED CONCLUSIONS OF LAW

### A.     28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

### B.     Standard of Review for Lack of Subject Matter Jurisdiction

[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Of course, "dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch*, 2017 U.S. Dist. LEXIS 213765, at *9 (quoting *Hagans v. Lavine*, 415 U.S. 528, 53637 (1974)). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. at *9 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). When a court dismisses a complaint under Rule 12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6). *Id*. at *10 (citing *Apple*, 183 F.3d at 479 ("*Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*."))

C.      **Plaintiff's Complaint Should Be Dismissed.**

Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1). Plaintiff's statement of his claim appears to be implausible and frivolous. Plaintiff makes allegations that are devoid of merit.

### III.     RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court dismisses Plaintiff's complaint pursuant to Rule 12(b)(1) and 28 U.S.C. § 1915(e)(2)(ii).

RESPECTFULLY SUBMITTED, this the 9th day of October, 2024.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**